IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL WACH,<br><br>                      Plaintiff,<br><br>v.<br><br>UTAH BOARD OF PARDONS AND PAROLE et al.,<br><br>                     Defendants. | **MEMORANDUM DECISION & ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Case No. 2:20-CV-847-JNP<br><br>District Judge Jill N. Parrish |

       In this *pro se* prisoner civil-rights case, *see* 42 U.S.C. § 1983,[1] having screened Plaintiff's Amended Complaint, (ECF No. 23), under its statutory review function,[2] the Court dismisses this action because Plaintiff has failed to state a claim upon which relief may be granted.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (2022).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

Plaintiff names two defendants who are members of the Utah Board of Pardons and Parole (BPP): Chairperson Carrie L. Cochran and Board Member Greg E. Johnson. (*Id.* at 2.) He alleges Defendants violated his rights to due-process and equal-protection, and to be free of cruel-and-unusual punishment, under the Federal Constitution—apparently regarding their adverse decision as to his eligibility for release. (*Id.* at 4.) Specifically, Defendants allegedly announced at his parole hearing that Plaintiff "was given all the information the Board file contains." (*Id.* at 4-5.) Plaintiff asserts, though, that about a month after the hearing, he received a letter from a BPP affiliate that, "after further review of Plaintiff's case file there are two items discovered that were not previously disclosed." (*Id.* at 4.) Plaintiff never states what the two items were, but contends Defendants statements that he was given all the information in the BPP file, even though he was missing two items, violated his constitutional rights, causing "a plethora of harm to Plaintiff." (*Id.* at 5.)

Plaintiff identifies his legal injuries as follows: (1) violation of his "liberty interest," which the Court takes to mean that he believes he would have been released from custody earlier, if it were not for Defendants' alleged violation of his federal constitutional rights by failing to disclose to him two items in his case before "pronounc[ing] sentence on foundation of false materials /a 12+ year rehearing"; (2) "breach of Utah contract stating 0-18 months for parole violation"; and (3) a variety of psychological and social challenges. To remedy these injuries, he seeks damages, fines, and injunctive relief (i.e., an order to BPP not to retaliate against him).[3] (*Id.* at 7, 9.)

---

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A (2022).

[3] Plaintiff has stated no facts to support an order enjoining BPP from retaliating against him. For instance, he has stated no facts regarding past retaliation that would support a fear of future retaliation. And Plaintiff has not stated upon what authority the Court might fine Defendants. The Court does not further address these particular requests for relief.

2

## ANALYSIS

### 1. Failure-to-State-a-Claim Standard

When deciding if a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (emphasis in original).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority,

3

his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

There are two primary bases upon which to dismiss Plaintiff's action for failure to state a claim upon which relief may be granted.

**2. Immunity**

Members of the BPP are "absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denying of parole." *See Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988). Therefore, Defendants here are absolutely immune to Plaintiff's request for damages based on their decision to deny him parole.

**3. Right to Parole**

Plaintiff's argument that Defendants denied him liberty, or parole, without the proper due process or equal protection[4] of giving him the two missing items in his "file" does not state a federal constitutional violation. After all, "[t]here is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992).

---

[4] It would further not qualify as cruel and unusual punishment for Plaintiff to be denied parole.

4

Further, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because Plaintiff has no right to parole under the Federal Constitution, he may not in this federal suit seek relief for denial of parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

## ORDER

**IT IS HEREBY ORDERED** that:

(1) For the same reasons stated in the Court's prior order denying Plaintiff's first motion for appointed counsel, the Court denies Plaintiff's second motion for appointed counsel. (ECF Nos. 2, 17, 24.)

(2) Plaintiff's Amended Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B) (2022). Further opportunity to amend would be futile.

(3) This action is **CLOSED**.

DATED this 3rd day of August, 2022.

BY THE COURT:

_____
JUDGE JILL N. PARRISH
United States District Court